

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2007

# Villacis-Espin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Villacis-Espin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 809.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/809

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4743
_____

NORA CATERINA VILLACIS-ESPIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. 73-086-228)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
June 22, 2007

BEFORE: RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: July 5, 2007)

_____
OPINION
_____

PER CURIAM

 Petitioner, Nora Caterina Villacis-Espin, petitions for review of an order of the

Board of Immigration Appeals ("BIA") dismissing her appeal from the Immigration

Judge's ("IJ") decision denying her motion to reopen proceedings following an order of

deportation, entered <u>in</u> <u>absentia</u>, after Villacis-Espin failed to appear at a scheduled

hearing.  We will deny the petition for review.

Villacis-Espin, a native and citizen of Ecuador, entered the United States at Brownsville, Texas, on September 25, 1994 without inspection.  Deportation proceedings were commenced on October 1, 1994, when Villacis-Espin was personally served with an Order to Show Cause and Notice of Hearing charging her with being deportable under the old Immigration and Nationality Act ("INA") § 241(a)(1)(B), as an alien entering the United States without inspection.  A.R. 76-80.  Villacis-Espin was advised through that notice, which was read to her in the Spanish language, that a deportation hearing would be calendared and that notice of the hearing date would be provided by the Office of the Immigration Judge to the address she provided.  A.R. 78.  Petitioner was further advised that she was required to appear at the scheduled hearing, that failure to appear would result in her being ordered deported in absentia, that she was required to provide an address where she could be contacted, and that written notice of any change of address had to be provided within five (5) days of such change.  A.R. 79.  Villacis-Espin provided an address, which was noted on  the Order to Show Cause and on her Form I-221 (Record of Deportable Alien, A.R. 66) – both of which were completed on October 1, 1994 – and notice of the scheduled date for the Master hearing before the IJ was mailed to her at that address on November 23, 1994.  A.R. 68.  When Villacis-Espin failed to appear for her deportation hearing on March 28, 1995, she was ordered removed from the United States in absentia.

On February 1, 2006, more than ten years later, Villacis-Espin filed a motion to

reopen proceedings to have the in absentia order rescinded. Petitioner based her reopen motion on the allegation that she lacked notice of the hearing held on March 28, 1995. The IJ denied Villacis-Espin's motion to rescind/reopen in an order dated February 10, 2006. The IJ noted that, although petitioner's attorney asserted that she was not served with notice of the date, time and place of the deportation hearing, Villacis-Espin provided no affidavit or statement to the court concerning the "supposed failure to receive notice" or where she was actually living at the time the notice was mailed. The IJ further noted that the court's hearing notice sent on November 23, 1994, was mailed to the same address that Villacis-Espin provided to the former Immigration and Naturalization Service ("INS") just one month prior. Since Villacis-Espin failed to provide either the court or the INS with any other mailing address as required, the IJ concluded that petitioner failed to establish that notice was mailed to an address not provided by her to the United States government and that notice was thus proper. Finding no other basis to rescind the order due to any impropriety in service, and further finding that the motion to reopen was time-barred with respect to any other relief, the IJ denied Villacis-Espin's motion.

The BIA affirmed the IJ's decision in an Order dated October 12, 2006. As did the IJ, the BIA noted that petitioner's request for rescission/reopening was not supported by an affidavit from Villacis-Espin, either as part of the original motion or on appeal. While recognizing that petitioner raised "sympathetic facts" in her motion (inter alia, her removal could temporarily separate her from her U.S.-citizen daughter with whom she

3

shares custody with her former spouse), the BIA nonetheless concluded that it could find no error in the IJ's determination that Villacis-Espin failed to show lack of notice. Accordingly, the BIA dismissed the appeal. A timely petition for review followed.

The denial of a motion to reopen is reviewed for abuse of discretion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Thus, in order to succeed on the petition for review, Villacis-Espin must ultimately show that the discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Under the procedures set forth in former § 242B(c)(1) of the INA [8 U.S.C. § 1252b(c)(1)], which were in effect and govern the underlying deportation proceedings, an IJ is required to enter an in absentia order when an alien "does not attend" a deportation proceeding after written notice has been provided to the alien or the alien's counsel of record, "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable."[1] Such an order may be rescinded, however, if the alien moves to reopen at any time and demonstrates that she did not receive notice "in accordance with subsection (a)(2)" of INA § 242B [8 U.S.C. § 1252b]."[2] See INA § 242B(c)(3)(B) [8 U.S.C. § 1252b(c)(3)(B)]. Subsection (a)(2)

---

[1] A similar provision now appears at INA § 240(b)(5)(A) [8 U.S.C. § 1229a(b)(5)(A)].

[2] The proceedings may also be reopened at any time if the alien demonstrates that she was in custody and that the failure to appear was through no fault of her own. See INA

4

requires that written notice "be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)."

As respondent correctly points out, nowhere in Villacis-Espin's brief does she take issue with the BIA's determination that she failed to show lack of proper notice regarding the hearing date or with its conclusion that she failed to support her reopen motion with affidavits or other evidentiary material as required. See 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3), 103.5(a)(2). Therefore, those issues are not before us.[3] See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). Additionally, to the extent Villacis-Espin's brief may be read as attempting to raise a challenge to the IJ's determination that her reopen motion was otherwise time barred, no such argument was presented to the BIA on appeal. That issue has thus not been exhausted, and we cannot consider it. See Joseph v. Attorney General, 465 F.3d 123, 126 (3d Cir. 2006) ("An alien must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before this Court."); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (an applicant must first raise the issue before the BIA).

Accordingly, we will deny the petition for review.

_____

§ 242B(c)(3) [8 U.S.C. § 1252b(c)(3)]. This provision is not applicable, however, because Villacis-Espin was not in custody.

[3] In any event, it appears that petitioner would not prevail on either of these contentions given the record presented.